IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:21-CR-624-L** |
| | § | |
| **JOSE VAZQUEZ-BERRONES** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Renewed Motion for Judgment of Acquittal ("Motion") (Doc. 84), filed October 11, 2022. In response to the Motion, the Government filed its response ("Response") (Doc. 85) on October 25, 2022. After considering the Motion, Response, evidence, and applicable law, the court **denies** the Motion (Doc. 84).

On September 26, 2022, Defendant Jose Vazquez-Berrones ("Defendant" or "Mr. Vazquez-Berrones) was found guilty by a jury of Count One of the Single-Count Indictment that charged him with Possession of a Firearm by an Illegal Alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). After the Government closed its evidence, Defendant moved the court to enter a judgment of acquittal. The court denied the motion, and the jury proceeded into deliberations in which they found Defendant guilty.

Now, Defendant renews his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 challenges "the sufficiency of the evidence to sustain a conviction." *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007). "When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Miles*, 360 F.3d 472, 476 (5th

Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence." *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995) (citations omitted). "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). "All reasonable inferences [that] tend to support the Government's case must be accepted. Any conflicts in the evidence must be resolved in the Government's favor." *United States v. Burns*, 597 F.2d 939, 940-41 (5th Cir. 1979) (citations omitted).

Defendant challenges the sufficiency of the evidence to support the jury's guilty verdict against him as to the single count in the Indictment. For the jury to find Defendant guilty of this offense, the Government was required to prove beyond a reasonable doubt that: (1) Mr. Vazquez-Berrones knowingly possessed a firearm as charged in the Indictment; (2) the firearm he possessed traveled in or affected interstate or foreign commerce; that is, before he possessed the firearm, it had traveled at some time from one state to another state of the United States, or between any part of the United States and any other country; (3) Defendant was in illegal or unlawful status in the United States at the time of possession; and (4) he knew—that is, he was subjectively aware—that he was illegally or unlawfully present in the United States.

Defendant contends that the Government failed to introduce sufficient evidence of the scienter requirement, that is, that he knowingly possessed the firearm while knowing that he was unlawfully present in the United States on the date of the offense, October 21, 2021. In particular, Defendant argues that the Government failed to prove that on that day, Defendant knew: (1) that the gun was in the truck; and (2) that he was illegally present in the United States. Defendant contends that the Government offered no proof of Defendant's knowledge of his illegal presence—

not his legal status—and thus the jury unreasonably inferred that Defendant's knowledge of his illegal status equaled knowledge of his illegal presence.

The Government responds that the evidence at trial established that Defendant knew the gun was in the truck on that night because he made statements to law enforcement informing them that there was a firearm in the truck. The Government further argues that Defendant knew of his unlawful presence because evidence presented at trial showed that he had overstayed his visa and was removable from the United States, and that he knew he was in the middle of immigration proceedings at the time he possessed the firearm on October 21, 2021.

Based on the summary of evidence in the Government's response and the court's own recollection of the evidence at trial, and viewing the evidence in the light most favorable to the Government, the court concludes that there was sufficient evidence from which the jury could have found beyond reasonable doubt that the essential elements of the offense charged in the Indictment with respect to Defendant. First, with respect to his knowing possession of the firearm, the Government presented camera footage from law enforcement showing Defendant affirmatively telling officers that he had a firearm in the truck. As to Defendant's knowledge of his illegal presence, Defendant stipulated that he exceeded his temporary visa by staying in the United States beyond October 16, 2006, and that he was removable from the United States. Second, Defendant's wife testified that he knew that he overstayed his visa and was in the middle of immigration proceedings at the time of the offense.

Finally, with respect to Defendant's status, the court instructed the jury as follows:

> The terms "illegal status" and "unlawful status" refer to an alien whose presence within the United States is forbidden or not authorized by law. An authorization that provides lawful presence for specific purposes does not change a person's illegal or unlawful status. In other words, receipt of benefits such as a work authorization, driver's license, and social security card does not grant legal status or change a person's immigration status.

**Memorandum Opinion and Order - 3**

> The term "alien" means any person who is not a citizen or national of the United States.

Ct.'s Charge to the Jury 13. Neither side objected to this language, and both agreed that it correctly stated the law as gleaned from Fifth Circuit precedent.

The court **concludes** that this evidence was sufficient for the jury to find beyond a reasonable doubt that Defendant had knowledge both of his possession of the firearm and of his illegal presence in the United States. Accordingly, the court **denies** Defendant Jose Vazquez-Berrones's Renewed Motion for Judgment of Acquittal (Doc. 84).

**It is so ordered** this 3rd day of February, 2023.

Sam A. Lindsay
United States District Judge